**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted June 1, 2015[*]
Decided June 2, 2015

**Before**

JOEL M. FLAUM, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 14-3297

| | |
|---|---|
| ANTHONY WIMBERLY, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 13-cv-976-JPG |
| JEFFREY B. JULIUS, et al., *Defendants-Appellees*. | J. Phil Gilbert, *Judge*. |

**O R D E R**

Anthony Wimberly, an Illinois inmate, brought this suit under 42 U.S.C. § 1983 alleging that several prison officials violated his Eighth Amendment rights when they failed to protect him from an attack by his cellmate and failed to charge his attacker properly. The district court dismissed the complaint at screening for failure to state a claim. We affirm.

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. *See* FED. R. APP. P. 34(a)(2)(c).

As alleged in his complaint, Wimberly, then an inmate at Big Muddy Correctional Center, was attacked by his cellmate with a fan that he wielded as a weapon. The attack resulted in Wimberly receiving twenty-five stitches on his head and face, and necessitated an unspecified surgery. After the attack both inmates were disciplined: Wimberly was put in disciplinary segregation while his cellmate was transferred to another prison. Wimberly alleged that he was never asked if he wanted to press charges against his attacker, and that his attacker should have been charged with "dangerous assault or attempt[ed] murder." Wimberly alleged that after he was released from segregation, he too was transferred to another prison to cover up the mishandling of the disciplinary action surrounding the attack.

The district court screened Wimberly's complaint and dismissed it for failure to state a claim. *See* 28 U.S.C. § 1915A. First, the district court concluded that Wimberly did not state a failure-to-protect claim under the Eighth Amendment because he did not allege that he alerted the defendants that he feared a possible attack from his cellmate. Nor could he state a claim that prison officials failed to charge his cellmate with a sufficiently serious prison disciplinary infraction because, the court stated, the decision whether to bring disciplinary charges against an inmate is not his, but rather rests within the discretion of the officials. Additionally, the court determined that Wimberly had no right to demand criminal charges be brought against his cellmate. Finally, the district court concluded that Wimberly failed to state a due-process claim contesting his transfer because he has no liberty interest in his prison placement.

Wimberly then filed several separate post-judgment motions, which the district court denied in a single order. Wimberly first filed a "Motion for Rehearing" (which the district court construed as a motion under Federal Rule of Civil Procedure 59(e)), arguing that his repeated requests to change cellmates—as reflected in three accompanying letters to prison officials—went unanswered. The district court denied the motion because the letters were new evidence that could have been included with his original complaint, and, in any event, they did not help him state a failure-to-protect claim because the letters did not say that he feared harm from his cellmate. Wimberly next filed a motion that the district court construed as one seeking leave to amend his complaint and to amend or alter the judgment. The court found the motion perfunctory and denied it. A subsequent motion to amend his complaint was also rejected as futile.

On appeal, Wimberly first contests generally the district court's ruling that he did not state a failure-to-protect claim under the Eighth Amendment. But the district court correctly dismissed this claim because Wimberly did not allege that the prison officials

were aware that a substantial risk of serious harm existed, or that Wimberly had any advanced warning that his cellmate posed a danger to him. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010).

Wimberly next contends that the district court erred after judgment in denying him leave to amend his complaint to add the allegation that the defendants ignored a risk to his safety by rejecting his three requests for a new cellmate. But the district court acted well within its discretion by denying leave to amend because none of Wimberly's requests reflected fear of his cellmate or disagreements beyond differences in age and preferred noise level—disagreements insufficient to put the officials on notice that Wimberly faced a substantial risk of harm from his cellmate. *See Owens v. Hinsley*, 635 F.3d 950, 954 (7th Cir. 2011); *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008); *Carter v. Galloway*, 352 F.3d 1346, 1349–50 (11th Cir. 2003).

Finally, Wimberly maintains that he adequately stated a claim that the prison officials failed to take steps to have more serious criminal charges ("dangerous assault or attempt[ed] murder") brought against his cellmate. But Wimberly has no right to compel a criminal prosecution. *See Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 768 (2005); *Sandage v. Bd. of Comm'rs of Vanderburgh Cnty.*, 548 F.3d 595, 597 (7th Cir. 2008).

AFFIRMED.